# EXHIBIT "A"

## CIVIL CASE INFORMATION SHEET

| | |
|---|---|
| **CAUSE NUMBER** *(FOR CLERK USE ONLY):* _____ | **COURT** *(FOR CLERK USE ONLY):* _____ |

**STYLED** ROSA GRAJEDA AND JOSE GRAJEDA v. LIBERTY MUTUAL INSURANCE AND KIMBERLY FIRSZT

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

### 1. Contact information for person completing case information sheet:

| | |
|---|---|
| Name: | Email: |
| OMAR MAYNEZ | mail@maynezlaw.com |
| Address: | Telephone: |
| 1812 HUNTER DRIVE | (915) 599-9100 |
| City/State/Zip: | Fax: |
| EL PASO , TX 79915 | (915) 613-4284 |
| Signature: | State Bar No: |
|  | 24043807 |

**Names of parties in case:**

Plaintiff(s)/Petitioner(s):
Rosa Grajeda
Jose Grajeda

Defendant(s)/Respondent(s):
Liberty Mutual Insurance
and Kimberly Firszt

*[Attach additional page as necessary to list all parties]*

**Person or entity completing case information sheet is:**
- [x] Attorney for Plaintiff/Petitioner
- [ ] *Pro Se* Plaintiff/Petitioner
- [ ] Title IV-D Agency
- [ ] Other: _____

Additional Parties in Child Support Case:

Custodial Parent:
_____

Non-Custodial Parent:
_____

Presumed Father:
_____

### 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|

| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
|---|---|---|---|---|
| *Debt/Contract* <br>[x] Consumer/DTPA<br>[x] Debt/Contract<br>[x] Fraud/Misrepresentation<br>[ ] Other Debt/Contract:<br>_____<br>*Foreclosure*<br>[ ] Home Equity—Expedited<br>[ ] Other Foreclosure<br>[ ] Franchise<br>[ ] Insurance<br>[ ] Landlord/Tenant<br>[ ] Non-Competition<br>[ ] Partnership<br>[ ] Other Contract:<br>_____ | [ ] Assault/Battery<br>[ ] Construction<br>[ ] Defamation<br>*Malpractice*<br>[ ] Accounting<br>[ ] Legal<br>[ ] Medical<br>[ ] Other Professional Liability:<br>_____<br>[ ] Motor Vehicle Accident<br>[ ] Premises<br>*Product Liability*<br>[ ] Asbestos/Silica<br>[ ] Other Product Liability List Product:<br>_____<br>[ ] Other Injury or Damage:<br>_____ | [ ] Eminent Domain/ Condemnation<br>[ ] Partition<br>[ ] Quiet Title<br>[ ] Trespass to Try Title<br>[ ] Other Property:<br>_____<br><br>**Related to Criminal Matters**<br>[ ] Expunction<br>[ ] Judgment Nisi<br>[ ] Non-Disclosure<br>[ ] Seizure/Forfeiture<br>[ ] Writ of Habeas Corpus— Pre-indictment<br>[ ] Other: _____ | [ ] Annulment<br>[ ] Declare Marriage Void<br>*Divorce*<br>[ ] With Children<br>[ ] No Children | [ ] Enforcement<br>[ ] Modification—Custody<br>[ ] Modification—Other<br>**Title IV-D**<br>[ ] Enforcement/Modification<br>[ ] Paternity<br>[ ] Reciprocals (UIFSA)<br>[ ] Support Order |
| | | | **Other Family Law** | **Parent-Child Relationship** |
| | | | [ ] Enforce Foreign Judgment<br>[ ] Habeas Corpus<br>[ ] Name Change<br>[ ] Protective Order<br>[ ] Removal of Disabilities of Minority<br>[ ] Other: _____ | [ ] Adoption/Adoption with Termination<br>[ ] Child Protection<br>[ ] Child Support<br>[ ] Custody or Visitation<br>[ ] Gestational Parenting<br>[ ] Grandparent Access<br>[ ] Parentage/Paternity<br>[ ] Termination of Parental Rights<br>[ ] Other Parent-Child: _____ |

| **Employment** | **Other Civil** | |
|---|---|---|
| [ ] Discrimination<br>[ ] Retaliation<br>[ ] Termination<br>[ ] Workers' Compensation<br>[ ] Other Employment:<br>_____ | [ ] Administrative Appeal<br>[ ] Antitrust/Unfair Competition<br>[ ] Code Violations<br>[ ] Foreign Judgment<br>[ ] Intellectual Property | [ ] Lawyer Discipline<br>[ ] Perpetuate Testimony<br>[ ] Securities/Stock<br>[ ] Tortious Interference<br>[ ] Other: _____ |

| **Tax** | **Probate & Mental Health** | |
|---|---|---|
| [ ] Tax Appraisal<br>[ ] Tax Delinquency<br>[ ] Other Tax | *Probate/Wills/Intestate Administration*<br>[ ] Dependent Administration<br>[ ] Independent Administration<br>[ ] Other Estate Proceedings | [ ] Guardianship—Adult<br>[ ] Guardianship—Minor<br>[ ] Mental Health<br>[ ] Other: _____ |

### 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

| | | |
|---|---|---|
| [ ] Appeal from Municipal or Justice Court<br>[ ] Arbitration-related<br>[ ] Attachment<br>[ ] Bill of Review<br>[ ] Certiorari<br>[ ] Class Action | [ ] Declaratory Judgment<br>[ ] Garnishment<br>[ ] Interpleader<br>[ ] License<br>[ ] Mandamus<br>[ ] Post-judgment | [ ] Prejudgment Remedy<br>[ ] Protective Order<br>[ ] Receiver<br>[ ] Sequestration<br>[ ] Temporary Restraining Order/Injunction<br>[ ] Turnover |

### 4. Indicate damages sought *(do not select if it is a family law case)*:

- [ ] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- [ ] Less than $100,000 and non-monetary relief
- [ ] Over $100, 000 but not more than $200,000
- [ ] Over $200,000 but not more than $1,000,000
- [ ] Over $1,000,000

Rev 2/13

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:  **KIMBERLY FIRSZT**, who may be served with process at her work address, **350 E. 96TH STREET, INDIANAPOLIS, IN 46240 or wherever he/she may be found**

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition and Requests for Disclosure at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **243rd Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on the 31st day of August, 2017, by Attorney at Law OMAR MAYNEZ, 1812 HUNTER DRIVE, EL PASO, TX 79915 in this case numbered **2017DCV3070** on the docket of said court, and styled:

**ROSA GRAJEDA AND JOSE GRAJEDA**
**VS**
**LIBERTY MUTUAL INSURANCE AND KIMBERLY FIRSZT**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition and Requests for Disclosure accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on the 14th day of September, 2017.

Attest:  NORMA FAVELA BARCELEAU, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso Texas, 79901

ATTACH
RETURN RECEIPTS
WITH
ADDRESSEE'S SIGNATURE
Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation. Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

_____

| *NAME OF PREPARER | TITLE |
|---|---|

**ADDRESS**
_____
CITY                STATE                ZIP

_____, Deputy
Veronica Cables

CERTIFICATE OF DELIVERY BY MAIL

I hereby certify that on the _____ day of
_____, 2017, at _____ I mailed to
_____
_____

Defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the Plaintiff's Original Petition and Requests for Disclosure attached thereto.

_____

_____
TITLE

**RETURN OF SERVICE**

Delivery was completed on _____, delivered to_____

_____ as evidence by Domestic Return Receipt PS Form 3811

attached hereto.

    The described documents were not delivered to the named recipient. The certified mail envelope was returned

undelivered marked _____.

    This forwarding address was provided:_____

El Paso County, Texas

By:_____

                Deputy District Clerk

OR

_____

            Name of Authorized Person

By:_____

**VERIFICATION BY AUTHORIZED PERSON**

State of Texas

County of El Paso

    Before me, a notary public, on this day personally appeared _____, known to me to be the person

whose name is subscribed to the foregoing Return of Service and being by me first duly sworn, declared, "I am

disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and

correct."

Subscribed and sworn to be on this _____ day

of _____, _____.

_____

Notary Public, State of _____

My commission expires:_____

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:  **LIBERTY MUTUAL INSURANCE COMPANY,** which may be served with process by serving its registered agent, **CORPORATION SERVICE COMPANY, at 211 EAST 7TH ST., SUITE 620, AUSTIN, TX 78701-3218**

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition and Requests for Disclosure at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **243rd Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on the 31st day of August, 2017, by Attorney at Law OMAR MAYNEZ, 1812 HUNTER DRIVE, EL PASO, TX 79915 in this case numbered **2017DCV3070** on the docket of said court, and styled:

**ROSA GRAJEDA AND JOSE GRAJEDA**
**VS**
**LIBERTY MUTUAL INSURANCE AND KIMBERLY FIRSZT**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition and Requests for Disclosure accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on the 14th day of September, 2017.

Attest: NORMA FAVELA BARCELEAU, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso Texas, 79901

_____, Deputy
Veronica Cables

ATTACH
RETURN RECEIPTS
WITH
ADDRESSEE'S SIGNATURE

Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation. Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

CERTIFICATE OF DELIVERY BY MAIL

I hereby certify that on the _____ day of _____, 2017, at _____ I mailed to

_____

Defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the Plaintiff's Original Petition and Requests for Disclosure attached thereto.

| *NAME OF PREPARER | | TITLE |
| --- | --- | --- |
| ADDRESS | | |
| CITY | STATE | ZIP |

_____

_____
TITLE

## RETURN OF SERVICE

Delivery was completed on _____, delivered to_____

_____ as evidence by Domestic Return Receipt PS Form 3811

attached hereto.

      The described documents were not delivered to the named recipient. The certified mail envelope was returned

undelivered marked _____.

      This forwarding address was provided:_____


                            El Paso County, Texas

By:_____

                            Deputy District Clerk

                                OR

                _____

                      Name of Authorized Person

By:_____


## VERIFICATION BY AUTHORIZED PERSON

State of Texas

County of El Paso

      Before me, a notary public, on this day personally appeared _____, known to me to be the person

whose name is subscribed to the foregoing Return of Service, and being by me first duly sworn, declared, "I am

disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and

correct."


                Subscribed and sworn to be on this _____ day

                of _____, _____.


                _____

                Notary Public, State of _____

                My commission expires:_____

Filed 8/31/2017 9:04 PM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV3070

CAUSE NO._____

| | | |
|---|---|---|
| ROSA GRAJEDA AND | § | IN THE DISTRICT COURT |
| JOSE GRAJEDA | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | EL PASO COUNTY, TEXAS |
| | § | |
| LIBERTY MUTUAL | § | |
| INSURANCE COMPANY AND | § | |
| KIMBERLY FIRSZT | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION & REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Rosa Grajeda and Jose Grajeda ("Plaintiffs") and file this *Plaintiffs' Original Petition & Requests for Disclosure,* complaining of Liberty Mutual Insurance ("Liberty Mutual") and Kimberly Firszt ("Firszt"), collectively referred to as "Defendants," for cause of action. Plaintiffs will respectfully show this Honorable Court the following:

### A. DISCOVERY CONTROL PLAN & PARTIES

1.  Plaintiffs intend for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

2.  Plaintiffs are residents of El Paso County, Texas.

3.  Defendant Liberty Mutual was engaged in business in Texas at the time of the subject incident and, in fact, this action arises from Defendant Liberty Mutual's business in Texas, specifically torts they committed in Texas. Defendant Liberty Mutual may therefore be served with process through their registered agent Corporation Service Company, 211 East 7th Street Suite 620, Austin TX 78701 -3218.

4.  Defendant Kimberly Firszt is an individual residing in Texas, and may be served with process at her work address: 350 E. 96th Street, Indianapolis, IN 46240, or wherever she may be found.

## B. JURISDICTION

5.  The Court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the Court.

6.  The court has jurisdiction over Defendant Liberty Mutual because this Defendant engages in the business of insurance in the State of Texas and Plaintiffs' causes of action arise out of Defendant Liberty Mutual's business activities in the State of Texas.

## C. VENUE

7.  Venue is proper in El Paso County, Texas, because the insured's property is situated in El Paso County, Texas. TEX. CIV. PRAC. REM. CODE §15.032.

## D. FACTS

8.  Plaintiffs are the owners of a homeowner's insurance policy, policy number H3729800970470, (hereinafter referred to as "the Policy"), which was issued by Defendant Liberty Mutual.

9.  Plaintiffs own the insured property, which is specifically located at 12825 Untermeyer St., El Paso, TX 79928, in El Paso County, Texas (hereinafter referred to as "the Property").

10. Defendant Liberty Mutual sold the Policy insuring the Property to Plaintiffs.

11. On or about, October 6, 2015, the property was hit by a hail storm which caused severe damage to the Property.

12.    Plaintiffs submitted a claim to Defendant Liberty Mutual against the Policy for damage to the Property sustained as a result of the hail storm.  Plaintiffs asked that Defendant Liberty Mutual cover the cost of repairs to the Property pursuant to the Policy. Defendant Liberty Mutual assigned Defendant Firszt to adjust the claim.

13.    Defendant Liberty Mutual wrongfully denied all or part of Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs.

14.    Defendant Liberty Mutual failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy.  Specifically, Defendant refused to pay the full proceeds to which Plaintiffs was entitled to under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policies had been carried out and accomplished by Plaintiffs.  Defendant Liberty Mutual's conduct constitutes a breach of the insurance contract between Defendant Liberty Mutual and Plaintiffs.

15.    Defendants misrepresented to Plaintiffs that the damage to the Property was not fully or partially covered under the Policy, even though the damage was caused by a covered occurrence.  Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(1).

16.    Defendants failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy.  Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(2)(a).

17.    Defendants failed to explain to Plaintiffs the reasons for their offer of an inadequate and

untimely settlement.    Specifically, Defendants failed to offer Plaintiffs adequate compensation, without any reasonable explanation why full payment was not being made.    Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any reasonable explanation for the failure to adequately settle Plaintiffs' claim. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

18.    Defendants failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time.  Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(4).

19.    Defendants refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation.  Specifically, Defendants performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' claim, which in turn, resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses on the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

20.    Defendant Liberty Mutual failed to meet its obligations under the Texas Insurance Code regarding the timely acknowledgement of Plaintiffs' claim, beginning an investigation of Plaintiffs' claim and requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated time of receiving notice of Plaintiffs'

claim. Defendant Liberty Mutual's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

21.     Defendant Liberty Mutual failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information.     Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

22.     Defendant Liberty Mutual failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay.   Specifically, Defendant Liberty Mutual has delayed full payment of Plaintiffs' claim longer than allowed and, to date; Plaintiffs has not yet received full payment for his claim.   Defendant Liberty Mutual conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.   TEX. INS. CODE §541.058.

23.     From and after the time Plaintiffs' claims were presented to Defendant Liberty Mutual, the liability of Defendant Liberty Mutual to pay the full claim in accordance with the terms of the Policy was reasonably clear.   However, Defendant Liberty Mutual has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment.   Defendant Liberty Mutual's conduct constitutes a breach of the common law duty of good faith and fair dealing.

24.     Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiffs.

25.     As a result of Defendants' wrongful acts and omissions, Plaintiffs was forced to retain the professional services of the law firm who is representing them with respect to these

causes of action.

26.     Plaintiffs' experience regarding his claim with Defendant Liberty Mutual is not an isolated case. The acts and omissions Defendant Liberty Mutual committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant Liberty Mutual with regard to handling these types of claims. Defendant Liberty Mutual's entire process is unfairly designed to reach favorable outcomes for the insurance companies at the expense of the policyholders.

### E. CAUSES OF ACTION

#### CAUSES OF ACTION AGAINST DEFENDANT FIRSZT

27.     Defendant Firszt conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

28.     Defendant Firszt is individually liable for his own unfair and deceptive acts, irrespective of the fact that they were acting on behalf of Defendant Liberty Mutual, because individually, they meet the definition of a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Liberty Mutual plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex.1998)(holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

29.   Firszt's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitute an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX. INS. CODE §541.060(1).

30.   Defendant Firszt's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitute an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX. INS. CODE §541.060(2)(A).

31.   The unfair settlement practice of Defendant Firszt as described above, of failing to promptly provide the Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitute an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX. INS. CODE §541.060(3).

32.   Defendant Firszt's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs or to submit a reservation of rights to Plaintiffs, constitute an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX. INS. CODE §541.060(4).

33.   Defendant Firszt's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitute an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(7).

## FRAUD

34.   Defendant Firszt is liable to Plaintiffs for common law fraud.

35.   Each and every one of the representations, as described above, concerned material facts for the reason Plaintiffs would not have acted and which Defendant Firszt knew were false or made recklessly without any knowledge of their truth as a positive assertion.

36.   The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury, which constitutes common law fraud.

### CAUSES OF ACTION AGAINST DEFENDANT LIBERTY MUTUAL

37.   Defendant Liberty Mutual is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

38.   Defendant Liberty Mutual's conduct constitutes a breach of the insurance contract made between Defendant Liberty Mutual and Plaintiffs.

39.   Defendant Liberty Mutual's failure and refusal, as described above, to pay the adequate compensation it is obligated to pay under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant Liberty Mutual's insurance contract with Plaintiffs.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

40.   Defendant Liberty Mutual's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a).   All violations under this article are made actionable by TEX. INS. CODE §541.151.

41.  Defendant Liberty Mutual's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(1).

42.  Defendant Liberty Mutual's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant Liberty Mutual's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(2)(A).

43.  Defendant Liberty Mutual's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for their offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(3).

44.  Defendant Liberty Mutual's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs or to submit a timely and reasonable reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(4).

45.  Defendant Liberty Mutual's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(7).

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
## THE PROMPT PAYMENT OF CLAIMS

46.     Defendant Liberty Mutual's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are made actionable by TEX. INS. CODE §542.060.

47.     Defendant Liberty Mutual's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of the TEX. INS. CODE §541.055.

48.     Defendant Liberty Mutual's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim within the applicable time constraints and a violation of the TEX. INS. CODE §541.056.

49.     Defendant Liberty Mutual's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §541.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

50.     Defendant Liberty Mutual's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured in insurance contracts.

51.     Defendant Liberty Mutual's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Defendant Liberty Mutual knew or should have known by the exercise of reasonable diligence that its

liability was reasonable clear, constitutes a breach of the duty of good faith and fair dealing.

## FRAUD

52.    Defendant Liberty Mutual is liable to Plaintiffs for common law fraud.

53.    Each and every one of the representations, as described above, concerned material facts for the reason Plaintiffs would not have acted and which Liberty Mutual knew were false or made recklessly without any knowledge of their truth as a positive assertion.

54.    The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury, which constitutes common law fraud.

## KNOWLEDGE

55.    Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiffs' damages described herein.

## F.  DAMAGES

56.    Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

57.    For breach of contract, Plaintiffs is entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney fees.

58.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiffs asks for three times his actual

damages.  TEX. INS. CODE §541.152.

59.   For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs is entitled to the amount of his claim, as well as eighteen (18) percent interest per annum of the amount of his claim as damages, together with attorney's fees.  TEX. INS. CODE §542.060.

60.   For breach of the common law duty of good faith and fair dealing, Plaintiffs is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

61.   For fraud, Plaintiffs is entitled to recover actual damages and exemplary damages for knowing fraudulent and malicious representations, along with attorney's fees, interest and court costs.

62.   For the prosecution and collection of this claim, Plaintiffs has been compelled to engage the services of the law firm whose name is subscribed to this pleading.  Therefore, Plaintiffs is entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

### G.  JURY DEMAND

63.   Plaintiffs hereby request that all causes of actions alleged herein be tried before a jury consisting of citizens residing in El Paso County, Texas.  Plaintiffs hereby tenders the appropriate jury fee.

### H.  REQUESTS FOR DISCLOSURE

64.   Pursuant to Rule 194.1 *et seq*. of the Texas Rules of Civil Procedure, Plaintiffs hereby

requests Defendants to disclose the information or material described in Rule 194.2(a) through Rule 194.2(l) of the Texas Rules of Civil Procedure.  Pursuant to Rule 192.3(a) of the Texas Rules of Civil Procedure, the responses to these requests for disclosure shall be due 51 days after the service of this request upon each defendant.

## J. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs prays that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate her in accordance with the rules of law and procedure, both as to actual damages, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found.  In addition, Plaintiffs requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on her behalf expended, for pre-judgment and post-judgment interest as allowed by law, for statutory penalties, and for any other and further relief, either at law or in equity, to which he may show herself to be justly entitled.

Respectfully submitted,

THE GUARDIOLA LAW FIRM, P.C.
1812 Hunter Drive
El Paso, Texas 79915
Tel: (915) 599-9100
Fax: (915) 613-4284

By: _Omar Maynez_____
Omar Maynez
State Bar No. 24043807
Attorney for Petitioner

El Paso County - 243rd District Court

Case 3:17-cv-00338-DCG   Document 1-1   Filed 11/10/17   Page 20 of 25

Filed 9/7/2017 8:44 AM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV3070

**IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS**
**243rd JUDICIAL DISTRICT**

ROSA GRAJEDA

    vs                                      Cause No. 2017DCV3070

LIBERTY MUTUAL INSURANCE

## ORDER SETTING HEARING

The above reference case is **SET** as follows:

| Date | Time | Description |
|------|------|-------------|
| **11/02/2017** | **8:30 AM** | **Status Hearing** |

Dear Counsel:

The Court requires that counsel appear in person or that arrangements be made for local counsel to appear.

If the above reference case has already been settled, tried or dismissed, please notify the Court Coordinator (Lynda Smigiel: 915/546-2168) upon receipt of this order.

  **Signed on this the 7th day of September, 2017.**

_____
**LUIS AGUILAR, Judge**

*IF YOU KNOW OF AN ATTORNEY INVOLVED IN THIS CASE AND NOT LISTED, PLEASE PROVIDE HIM/HER WITH A COPY OF THIS SETTING.*

*Fax:*
  OMAR MAYNEZ                        915-613-4284

El Paso County - 243rd District Court                                                    Filed 10/23/2017 12:02 PM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV3070

**IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS**
**243rd JUDICIAL DISTRICT**

ROSA GRAJEDA

   vs                                    Cause No. 2017DCV3070

LIBERTY MUTUAL INSURANCE

## ORDER RESETTING HEARING

The above reference case is **RESET** as follows:

| Date | Time | Description |
|---|---|---|
| **11/02/2017** | **CANCELLED** | |
| **11/16/2017** | **9:00 AM** | **Status Hearing** |

Dear Counsel:

The Court requires that counsel appear in person or that arrangements be made for local counsel to appear.

If the above reference case has already been settled, tried or dismissed, please notify the Court Coordinator (Lynda Smigiel: 915/546-2168) upon receipt of this order.

  Signed on this the 23rd day of October, 2017.

_____

**LUIS AGUILAR, Judge**

*IF YOU KNOW OF AN ATTORNEY INVOLVED IN THIS CASE AND NOT LISTED, PLEASE PROVIDE HIM/HER WITH A COPY OF THIS SETTING.*

*Fax:*
 OMAR MAYNEZ                            915-613-4284

El Paso County - 243rd District Court

Case 3:17-cv-00338-DCG    Document 1-1    Filed 11/10/17    Page 22 of 25

Filed 11/9/2017 12:21 PM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV3070

**CAUSE NO. 2017-DCV-3070**

| | | |
|---|---|---|
| ROSA GRAJEDA and | § | IN THE DISTRICT COURT OF |
| JOSE GRAJEDA, | § | |
|     Plaintiffs | § | |
| | § | |
| v. | § | |
| | § | EL PASO COUNTY, TEXAS |
| LIBERTY MUTUAL INSURANCE | § | |
| COMPANY AND KIMBERLY FIRSZT, | § | |
|     Defendants | § | 243ᴿᴰ DISTRICT COURT |

<u>**LIBERTY MUTUAL INSURANCE COMPANY**
**AND KIMBERLY FIRSZT'S ORIGINAL ANSWER, SPECIAL EXCEPTIONS, AND**
**LIBERTY MUTUAL INSURANCE COMPANY'S VERIFIED DENIAL**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants Liberty Mutual Insurance Company ("Liberty") and Kimberly Firszt and file this Original Answer, Special Exceptions, and Liberty Mutual Insurance Company's Verified Denial to Plaintiffs' Original Petition and for such would respectfully show the Court the following:

**I.**
<u>**GENERAL DENIAL**</u>

Pursuant to TEX. R. CIV. P. 92, Liberty and Kimberly Firszt enter a general denial as permitted by Rule 92 of the Texas Rules of Civil Procedure, and deny each and every, all and singular, the allegations contained within Plaintiffs' Original Petition and demand that Plaintiffs prove the truth of their allegations by a preponderance of the believable evidence.

**II**
<u>**VERIFIED DENIAL**</u>

Pursuant to the provisions of Rule 93 of the Texas Rules of Civil Procedure, Defendant Liberty Mutual Insurance Company denies that it is a proper party to this lawsuit on the grounds that it did not issue the relevant insurance policy to Plaintiffs in this case. The insurance policy at issue in this lawsuit was issued by Liberty Insurance Corporation.

## III.
## AFFIRMATIVE DEFENSES

**Appraisal.**   Defendant Liberty further avers and asserts that Plaintiffs have failed to satisfy all conditions precedent to bringing this suit under their homeowner's insurance policy. Specifically, Liberty reserves its right to invoke the policy's appraisal provision to resolve issues regarding the amount of loss and denies any intent to waive this right.

## IV.
## SPECIAL EXCEPTIONS

Defendants specially except to Paragraph F. Damages because Plaintiffs did not comply with Rule 47(c) of the Texas Rules of Civil Procedure. Rule 47(c) states:

> "An original pleading which sets forth a claim for relief, whether an original petition, counterclaim, cross-claim, or third-party claim, **shall contain**:
> . . .
>
> (c) except in suits governed by the Family Code, a statement that the party seeks:
>> (1) only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees; or
>> (2) monetary relief of $100,000 or less and non-monetary relief; or
>> (3) monetary relief over $100,000 but not more than $200,000; or
>> (4) monetary relief over $200,000 but not more than $1,000,000; or
>> (5) monetary relief over $1,000,000"

TEX. R. CIV. P. 47(c) (emphasis added).  Plaintiffs' allegation of damages does not correspond with any of the enumerated options laid out in Rule 47(c), and therefore Defendants specially except to Paragraph F of Plaintiffs' Original Petition.  Defendants respectfully request that the Court order Plaintiffs to replead the damages they are seeking to comply with Rule 47(c).

WHEREFORE, PREMISES CONSIDERED, Defendants Liberty Mutual Insurance Company and Kimberly Firszt respectfully pray that upon final hearing hereof, Plaintiffs Rosa Grajeda and Jose Grajeda take nothing by reason of this action, that Liberty Mutual Insurance

---

Company and Kimberly Firszt be awarded their costs of court, and for such other and further
relief to which they may show themselves justly entitled.

Respectfully submitted,

**HANNA & PLAUT, L.L.P.**
211 East Seventh Street, Suite 600
Austin, Texas  78701
Telephone:      (512) 472-7700
Facsimile:      (512) 472-0205

By:_____
Catherine L. Hanna
State Bar No. 08918280
Email:  channa@hannaplaut.com
Anne-Marie Abarado
State Bar No. 24040383
Email:  aabarado@hannaplaut.com

**ATTORNEYS FOR DEFENDANTS LIBERTY
MUTUAL INSURANCE COMPANY AND
KIMBERLY FIRSZT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been delivered
via e-service and/or facsimile on this the 3rd day of November, 2017 to:

**_Via Facsimile: (915) 613-4284_**
Omar Maynez
The Guardiola Law Firm, PC
1812 Hunter Drive
El Paso, Texas 79915
**_Attorneys for Plaintiffs_**

_____
Catherine L. Hanna

## VERIFICATION

STATE OF TEXAS       §
                             §

COUNTY OF TRAVIS   §

BEFORE ME, the undersigned authority in and for the State of Texas, on this day personally appeared Catherine L. Hanna, known to me to be the same person whose name is subscribed hereto, who being first duly sworn in the manner provided by law on oath stated that she is duly qualified to make this affidavit on behalf of Liberty Mutual Insurance Company, Defendant in the above entitled and numbered cause, that she has read Paragraph II of Liberty Mutual Insurance Company and Kimberly Firszt's Original Answer and Liberty Mutual Insurance Company's Verified Denial and the matters stated therein are within her personal knowledge and are true and correct.

Catherine L. Hanna

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority, on this the 3___ day of November, 2017, to certify which witness my hand and official seal of office.

ALICE L. MORGAN
NOTARY PUBLIC STATE OF TEXAS
NOTARY ID# 12604762-3
My Comm. Exp. January 12, 2020

Notary Public in and for the State of Texas